**IN THE UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF ARKANSAS**
**WESTERN DIVISION**

CARLA DAVIS PLAINTIFF

v. NO. 4:04CV01252 HDY

JO ANNE B. BARNHART, DEFENDANT
Commissioner of the Social
Security Administration

**MEMORANDUM OPINION AND ORDER**

The record reflects that in August of 2002, plaintiff Carla Davis ("Davis") filed an application for supplemental security income benefits pursuant to Title XVI of the Social Security Act ("Act"). Her application was denied initially and upon reconsideration. She next requested, and received, a de novo administrative hearing before an Administrative Law Judge ("ALJ"). In July of 2004, the ALJ issued a ruling adverse to Davis. She then appealed that ruling to the Appeals Council. In September of 2004, the Appeals Council affirmed the ruling of the ALJ. That ruling therefore became the final decision of the Commissioner of the Social Security Administration ("Commissioner"). In October of 2004, Davis commenced the proceeding at bar in which she challenged the final decision of the Commissioner.

The sole inquiry for the Court is whether the Commissioner's findings are supported by substantial evidence on the record as a whole. See Prosch v. Apfel, 201 F.3d 1010 (8th Cir. 2000). "Substantial evidence is less than a preponderance but is enough that a reasonable mind would find it adequate to support the Commissioner's conclusions." See Id. at 1012. The Court may not reverse the decision of the Commission merely because the evidence supports a different conclusion. See Id.

In determining whether the Commissioner's findings are supported by substantial evidence on the record as a whole, it is helpful to identify those findings. The Commissioner made findings pursuant to the five step sequential evaluation process.[1] At steps one through three, the Commissioner found the following: Davis has not engaged in substantial gainful activity since the alleged onset date of June 5, 2002; she is severely impaired as a result of a "history of ... fibromyalgia, asthma, back pain and headaches," see Transcript at 15; and her impairments are not listed in, nor medically equal to ones listed in, the regulations. At step four, the Commissioner found that Davis retained sufficient residual functional capacity to perform her past work as a "clerk in a tanning salon as well as [an] assembler and cashier." See Transcript at 16. The Commissioner thus concluded that Davis was not disabled within the meaning of the Act.

---

1

The five steps involve determining the following: "(1) whether the claimant is currently employed; (2) whether the claimant is severely impaired; (3) whether the impairment is, or is comparable to, a listed impairment; (4) whether the claimant can perform past relevant work; and, if not, (5) whether the claimant can perform any other kind of work." See Cox v. Barnhart, 345 F.3d 606, 608 n.1 (8th Cir. 2003) [citing Bowen v. Yuckert, 482 U.S. 137 (1987)].

Are the Commissioner's findings supported by substantial evidence on the record as a whole? Davis thinks not. She advances three reasons why they are not. She first maintains that her residual functional capacity was erroneously assessed by the Commissioner. Davis specifically maintains that the Commissioner failed to give proper weight to the opinion and residual functional capacity assessments offered by Dr. Chrysti Williams ("Williams"), Davis' treating physician. With regard to Williams' assessments of Davis' residual functional capacity, Davis takes the following position:

> The ALJ erred in discounting Dr. Williams' treating physician opinions and in failing to adequately explain why they were being discounted. As a result, the ALJ erred in discounting Dr. Williams' RFC assessments. Dr. Williams issued two RFC assessments, approximately 8 months apart. In November, 2003, Dr. Williams issued an RFC assessment stating that Ms. Davis could occasionally and frequently lift 10 pounds, had no limitation standing and walking, could sit for 4 hours a day, and was limited in postural activities and pushing and pulling. ... In June, 2004, Dr. Williams concluded that Ms. Davis had worsened to the extent that she could lift 10 pounds only occasionally, and could stand, walk, and sit only 2 hours. ...
>
> The ALJ should have followed Dr. Williams' RFC assessments and concluded that Ms. Davis could not perform work at a sedentary level and was thus disabled. If the ALJ found Dr. Williams' opinions insufficient upon which to issue a decision, the ALJ should have ordered a consultative exam to meet the duty to develop the record. ... The ALJ had a duty to offer sufficient rationale with specific references to evidence of record in support of the assessed RFC but failed to do so. ... To the extent the ALJ discounted Ms. Davis' testimony, the ALJ improperly did so because her subjective allegations were not inconsistent with Dr. Williams' opinions or the evidence as a whole. ...

See Document 11 at 8-9.

The foregoing reason is somewhat similar to a second reason Davis advances for questioning the Commissioner's findings. Davis additionally maintains that the Commissioner failed to comply with Social Security Ruling 96-8p.[2] Davis specifically maintains the following:

> Here, the ALJ did not perform a function-by-function assessment, or discuss Ms. Davis' ability to perform sustained work activity in an ordinary work setting on a regular and continuing basis. Review of the ALJ's decision reveals that [the] ALJ failed to "specify the details" of the claimant's [residual functional capacity], describing it "only in general terms." [Citation omitted]. The ALJ concluded that Ms. Davis could perform a full range of sedentary work without explaining how Ms. Davis could do so. The ability to perform sporadic activities does not mean that a claimant is able to perform full time competitive work. [Citation omitted].

See Document 11 at 11.

The two reasons advanced by Davis, and outlined by the Court above, challenge the Commissioner's finding with respect to Davis' residual functional capacity. Davis challenges the finding with justification. As the Court will explain, the finding is not supported by substantial evidence on the record as whole.

---

2

"SSR 96-8p provides a blueprint for what [a residual functional capacity] assessment must contain in all cases in which symptoms are alleged: (1) a thorough discussion and analysis of the objective medical and other evidence, including the individual's complaints of pain and other symptoms and the adjudicator's personal observations, if appropriate; (2) a resolution of any inconsistencies in the evidence as a whole; and (3) a logical explanation of the effects of symptoms, including pain, on the individual's ability to work." See Bowser v. Commissioner of Social Security, 121 Fed.Appx. 231, 244-245 (9th Cir. 2005).

Residual functional capacity is simply an assessment of "the most a person can do despite that person's limitations." See Brown v. Barnhart, 390 F.3d 535, 538-39 (8th Cir. 2004) [citing 20 C.F.R. 404.1545(a)(1)]. The assessment is made using all of the relevant evidence in the record and must be supported by "medical evidence that addresses [the person's] ability to function in the workplace." See Id. at 539 [citing Lewis v. Barnhart, 353 F.3d 642, 646 (8th Cir. 2003)].

Williams made two assessments of Davis' residual functional capacity: the first in November of 2003 and the second in June of 2004, the latter having been made days before the administrative hearing. In the second assessment, Williams found that Davis was limited to lifting and carrying ten pound occasionally but could carry no weight on a frequent basis. Williams found that Davis could stand, walk, and sit for a total of two hours in an eight hour day. Williams found that Davis could sit for fifteen minutes without interruption, could not climb, stoop, crouch or crawl for any length of time, and was limited in her ability to kneel, reach, push, and pull.

With regard to the foregoing limitations, the Commissioner found that they were due to "multiple palpable spasms." See Transcript at 13. The Commissioner discounted Williams' assessments of Davis because Williams "relied quite heavily on the subjective report of symptoms and limitations provided by [Davis], and seemed to uncritically accept as true most, if not all, of what [Davis] reported." See Transcript at 13. The Commissioner additionally found the following:

> It is noted for the record that ... on the last examination of [Davis] on April 30, 2004, Dr. Williams noted no palpable spasms in [Davis'] back. It is further noted that Dr. Williams examined [Davis] one time in 2003 and one time in 2004. It is also noted that [Davis] has been examined in the emergency room on several occasions for migraine headaches for which she was given a narcotic injection. [Davis] has not undergone physical therapy, exercise programs or any further types of treatment for her symptoms.

See Transcript at 13.

Having so found, it was incumbent upon the Commissioner to explain what Davis could do despite her limitations. The Commissioner found that Davis could perform sedentary work. The Commissioner failed, however, to explain how that determination was made. The Commissioner did not cite any evidence in the record to support such a finding. It was not until the Commissioner posed a hypothetical question to the vocational expert that the Commissioner attempted to identify what Davis could do despite her limitations.[3] Even then, the Commissioner did not explain how that finding was made. It appears that the Commissioner simply relied, in toto, upon Williams' November of 2003 assessment of Davis, this despite having discounted that assessment and the June of 2004 assessment because Williams relied too heavily upon Davis' "subjective report of symptoms and limitations." See Transcript at 13.

---

3

The vocational expert was asked to assume that he was "dealing with an individual the same age as [Davis] and who had the same education and past work experience." See Transcript at 15. The vocational expert was also asked to assume that "the individual had the following limitations: lift and carry 10 pounds, stand/walk 8 hours out of 8 hours, sit 4 hours out of 8 hours[,] could climb, balance, kneel and stoop but was limited in pushing and pulling." See Transcript at 15.

The Court is convinced that the Commissioner did not properly assess Davis' residual functional capacity. The Commissioner specifically failed to clearly articulate what Davis was capable of doing despite her limitations. Although the Commissioner identified in the hypothetical question what Davis was capable of doing, the Commissioner's findings in formulating the question appear to have come from Williams' November of 2003 assessment of Davis. It is not clear why the Commissioner credited the findings from that assessment, but not from Williams' June of 2004 assessment, when it appears that the Commissioner's evaluation of both assessments was that Williams relied too heavily upon Davis' "subjective report of symptoms and limitations." See Transcript at 13.

In conclusion, the Court finds that the Commissioner's findings are not supported by substantial evidence on the record as a whole. The Commissioner failed to properly assess Davis' residual functional capacity; specifically, the Commissioner failed to clearly articulate what Davis was capable of doing despite her limitation. The Commissioner is directed to more fully develop the record with regard to that matter. The Commissioner's decision is therefore reversed. This remand is a "sentence four" remand as that phrase is defined in 42 U.S.C. 405(g) and Melkonyan v. Sullivan, 501 U.S. 89 (1991).[4]

---

4

In light of the fact that this proceeding is remanded, the Court will not address Davis' assertion that the Commissioner erred in crediting the vocational expert's testimony and in issuing findings inconsistent with the vocational expert's testimony.

IT IS SO ORDERED this _3__ day of February, 2006.

H David Young

UNITED STATES MAGISTRATE JUDGE